Peter M. Panken, Esq. (5409)
Epstein Becker & Green, P.C.
250 Park Avenue
New York, New York 10177
(212) 351-4500
Attorneys for Defendants
Breton International, Inc. and William Cann

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------- x
TROY FRANKLIN, Individually and on Behalf of All
Other Persons Similarly Situated,

                Plaintiffs,

- against -

BRETON INTERNATIONAL, INC. (d/b/a, among others, APEX TECHNICAL SCHOOL), WILLIAM CANN and JOHN DOES 1-10, Jointly and Severally,

                Defendants.
------------------------------------- x

**ECF Case**

Case No. 06 CV 4877 (DC)

**LOCAL CIVIL RULE 56.1 STATEMENT OF UNDISPUTED MATERIAL FACTS**

Pursuant to Rule 56.1 of the Local Civil Rules for the Southern and Eastern Districts of New York, Defendant Breton International, Inc. (d/b/a, among others, Apex Technical School) (the "School") and Defendant William Cann ("Cann") (collectively "Defendants"), by their attorneys Epstein Becker & Green, P.C., submit the following Statement of Undisputed Material Facts in support of their Motion For Summary Judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure.

        1.     Plaintiff Troy Franklin ("Plaintiff") brings this action on behalf of himself and other similarly situated current and former employees of the School who elect to opt into this action on the grounds that they are entitled to overtime premium pay. (Complaint ¶¶ 1, 2 and 10).

2. Plaintiff was employed by the School as a teacher in its Automotive Technician Program. (Markowitz Aff. ¶ 8).

3. Plaintiff's primary duty as a teacher was to teach the students in the Automotive Technician Program how to become automotive technicians. Plaintiff's teaching duties included class work and individual instruction. He exercised discretion and independent judgment in evaluating students' work and assigning grades. (Markowitz Aff. ¶ 8).

4. Plaintiff was licensed as a teacher by the New York State Education Department, Bureau of Proprietary School Supervision under the University of the State of New York. (Markowitz Aff. ¶ 9 & Exs. B and C).

5. Plaintiff was employed by the School from December 27, 2004 until his termination on April 24, 2006. (Markowitz Aff. ¶ 11).

6. Plaintiff's salary as a teacher at the School was $37,500 per annum, which equals $721.15 per workweek. (Markowitz Aff. ¶ 12).

7. The School is licensed by the New York State Education Department and provides its students with courses of instruction including: (a) the Automotive Technician Program (900, 1050, 1200, 1350, or 1500 hours of instruction); (b) the Air Conditioning Refrigeration Appliances and Controls Program (900 hours of instruction); (c) the Combination Welding and Technology Program (900 hours of instruction); and (d) the Auto Body Repair Program (900 hours of instruction). (Markowitz Aff. ¶ 4).

8. The School is recognized by the U.S. Department of Education and the Board of Regents of the University of the State of New York National Program on Non Collegiate Sponsored Instruction. (Markowitz Aff. ¶ 6).

9. The School has been accredited since 1968 by the Accrediting Commission of Career Schools and Colleges of Technology and is a member of the Career College Association and the Coalition of New York State Career Schools. (Markowitz Aff. ¶ 5).

Dated: New York, New York
August 21, 2006

EPSTEIN BECKER & GREEN, P.C.

By: _____
Peter M. Panken (5409)
250 Park Avenue
New York, New York 10177-1211
(212) 351-4500
Attorneys for Defendants
Breton International, Inc. and William Cann

To: William C. Rand, Esq.
Law Office of William Coudert Rand
711 Third Avenue
Suite 1505
New York, New York 10017
(212) 286-1425
Co-Counsel
Jeffrey M. Gottlieb, Esq.
Berger & Gottlieb
150 East 16th Street, Suite PHR
New York, New York 10003
(212) 228-9795
Attorneys for Plaintiffs