```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------X
                                         :
TROY FRANKLIN, individually, and on      :
Behalf of All Other Persons Similarly    :
Situated,                                :        06 Civ. 4877 (DLC)
                          Plaintiff,     :
                                         :        OPINION & ORDER
             -v-                         :
                                         :
BRETON INTERNATIONAL, INC. (d/b/a,       :
among others, APEX TECHNICAL SCHOOL),    :
WILLIAM CANN and JOHN DOES #1-10,        :
Jointly and Severally,                   :
                          Defendants.    :
                                         :
-----------------------------------------X
```

Appearances

For Plaintiff:
William Coudert Rand
Law Office of William Coudert Rand
711 Third Avenue, Suite 1505
New York, NY 10017

Co-Counsel
Jeffrey M. Gottlieb
Berger & Gottlieb
150 East 18th Street, Suite PHR
New York, NY 10003

For Defendants:
Peter M. Panken
Epstein Becker & Green, P.C.
250 Park Avenue
New York, NY 10177


DENISE COTE, District Judge:

     Plaintiff Troy Franklin ("Franklin") brings this action on

behalf of himself and others similarly situated against

defendants Breton International, Inc., doing business as Apex

Technical School ("Apex"), and its corporate officers, for failure to pay overtime wages and "spread of hours" pay, in violation of the Federal Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA") and the New York Labor Law.  Franklin teaches auto mechanics at an accredited auto mechanics school.  In advance of discovery, the defendants have moved for summary judgment, arguing that as a teacher, Franklin is exempt from the laws governing overtime and "spread of hours" pay.  For the following reasons, the motion is granted.

## Background

The following facts are not in dispute or are taken in the light most favorable to the party opposing summary judgment, unless otherwise noted.  Defendant Apex is a school licensed by the New York State Education Department that offers courses of instruction such as the automotive technician program.  The school has been accredited since 1968 by the Accrediting Commission of Career Schools and Colleges of Technology and is a member of the Career College Association and the Coalition of New York State Career Schools.  The school is also recognized by the U.S. Department of Education and the Board of Regents of the

University of the State of New York National Program on Non Collegiate Sponsored Instruction.[1]

Plaintiff Franklin has worked for Apex as an auto mechanics instructor from December 2004 to April 2006.[2] While Franklin did not have a college degree, he was licensed as a private school teacher by the University of the State of New York, Education Department.[3] There were approximately forty other auto mechanics

---

[1] The plaintiff's 56.1 statement states that he is not able to dispute the statements regarding Apex's school status, because he has not had an opportunity to take discovery in this action. Defendants point out that these facts are a matter of public record. Under Rule 56(f), Fed. R. Civ. P., parties lacking information necessary to oppose a summary judgment motion may seek further discovery. Aetna Cas. & Sur. Co. v. Aniero Concrete Co., Inc., 404 F.3d 566, 573 (2d Cir. 2005). To request such discovery, "a party must file an affidavit describing: (1) what facts are sought and how they are to be obtained; (2) how these facts are reasonably expected to raise a genuine issue of material fact; (3) what efforts the affiant has made to obtain them; and (4) why the affiant's efforts were unsuccessful." Gualandi v. Adams, 385 F.3d 236, 244 (2d Cir. 2004). Franklin "has submitted no affidavit as required by this Rule, and has failed to make a specific proffer as to the discovery [he] would seek." Aetna Cas. & Sur. Co., 404 F.3d at 573. "In seeking a denial of summary judgment under Rule 56(f) . . . a bare assertion that the evidence supporting a plaintiff's allegation is in the hands of the defendant is insufficient," id. (citation omitted), particularly where it is undisputed that the evidence in question is in the public record.

[2] Pointing to his own affidavit, the plaintiff's 56.1 statement states that plaintiff was employed by the defendants as an "auto mechanic, as a maintenance worker and as an auto mechanics instructor." Franklin states in his affidavit that he was an "auto mechanics instructor" for the defendants.

[3] The plaintiff's 56.1 statement states that he is not able to dispute the statements regarding his teacher's license, because

instructors at Apex.  Franklin was paid based on the courses he taught, such as whether they were given during the day or night or were work/study programs.  His compensation was approximately $977.15 per week, although it varied depending on the types of courses he was teaching.

Each auto mechanics instructor, including Franklin, was required to teach a pre-set curriculum and to use the same books, handouts, and tests supplied by Apex.  The auto mechanics courses taught by Franklin and the other instructors during the day and the night classes were taught 50% in a classroom and 50% on the shop floor.  The shop floor contained older cars, and during the class time on the shop floor, Franklin spent at least 50% of that time rebuilding the older cars and the balance of the time "teaching."  During the work/study programs, Franklin worked with the students on a variety of tasks, including miscellaneous maintenance tasks and also "mov[ing] cars, dismantl[ing] engines, work[ing] on actual cars in the shop and work[ing] in the shop to set up cars for later teaching sessions," as well as fixing up cars which students had damaged during the shop classes.  Overall, Franklin states that he spent

---

he has not had the opportunity to take discovery.  Defendants have submitted a copy of Franklin's teacher's license with their motion papers.  As noted above, Franklin has failed to file a Rule 56(f) affidavit.  In addition, it is unclear what discovery is necessary for plaintiff to dispute this statement regarding his own teacher's license.

at least 50% of his time during the work/study programs "doing cleaning, prep and mechanics work on the cars," with the rest spent "actually teaching" the auto mechanics students.  Franklin and the other auto mechanics instructors regularly worked more than forty hours per week, and on some days, they worked over ten hours in a day.

Franklin filed this action on June 23, 2006.  His FLSA claim asserts that defendants willfully failed to pay one and one-half times his regular wage rate for hours worked in excess of forty hours per week.  He asserts the same overtime claim under the New York Labor Law, and also asserts that defendants willfully failed to pay an additional hour of pay for each hour worked in excess of ten hours in one day, in violation of the New York Labor Law.  In addition, Franklin seeks to prosecute his FLSA claim as a collective action pursuant to 29 U.S.C. § 216, and his New York Labor Law claims as a class action pursuant to Rule 23, Fed. R. Civ. P., on behalf of other persons who are or were formerly employed by the defendants.  Before fact discovery was commenced, defendants filed this motion for summary judgment.

Discussion

Summary judgment may not be granted unless all of the submissions taken together "show that there is no genuine issue

5

as to any material fact and that the moving party is entitled to a judgment as a matter of law." Rule 56(c), Fed. R. Civ. P. The moving party bears the burden of demonstrating the absence of a material factual question, and in making this determination the court must view all facts in the light most favorable to the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986); Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). When the moving party has asserted facts showing that the non-movant's claims cannot be sustained, the opposing party must "set forth specific facts showing that there is a genuine issue for trial," and cannot rest on the "mere allegations or denials" of the movant's pleadings. Rule 56(e), Fed. R. Civ. P.; accord Sista v. CDC Ixis N. Am., Inc., 445 F.3d 161, 169 (2d Cir. 2006). As noted above, where a party lacks information necessary to oppose a summary judgment motion, it may seek further discovery, by filing an affidavit under Rule 56(f), Fed. R. Civ. P. See Aetna Cas. & Sur. Co., 404 F.3d at 573.

Under the FLSA, employees can seek compensation for overtime work. See 29 U.S.C. § 201 et seq. The FLSA, however, provides various exemptions from the requirement to pay overtime, including an exemption for "any employee employed in a bona fide executive, administrative, or professional capacity." Id. § 213(a). The FLSA exemptions must be "narrowly construed against the employers seeking to assert them and their

application limited to those establishments plainly and unmistakably within their terms and spirit." Bilyou v. Dutchess Beer Distribs., Inc., 300 F.3d 217, 222 (2d Cir. 2002) (citation omitted). "The burden of invoking these exemptions rests upon the employer." Id.

The regulations promulgated under the statute explain that teachers at an educational establishment qualify for the professional exemption. Section 541.303 ("Section 303") provides:

> The term "employee employed in a bona fide professional capacity" in section 13(a)(1) of the Act also means any employee with a primary duty of teaching, tutoring, instructing or lecturing in the activity of imparting knowledge and who is employed and engaged in this activity as a teacher in an educational establishment by which the employee is employed.

29 C.F.R. § 541.303(a). An employee's "primary duty" means work that is the "principal, main, major or most important duty that the employee performs," and although it is a case-by-case determination, "employees who spend more than 50 percent of their time performing exempt work will generally satisfy the primary duty requirement." Id. § 541.700(a)-(b).

An "educational establishment" at which exempt teaching professionals are employed includes not only "elementary or secondary school system[s]" and "institution[s] of higher education," but also "other educational institution[s]," such as special schools or post-secondary career programs. Id. §

7

541.204(b).  Whether a post-secondary career program is considered an educational institution depends on factors such as "whether the school is licensed by a state agency responsible for the state's educational system or accredited by a nationally recognized accrediting organization for career schools."  Id. In determining whether a school is an educational establishment, however, "no distinction is drawn between public and private schools, or between those operated for profit and those that are not for profit."  Id.

Exempt teaching professionals under Section 303 include a variety of different types of teachers, including "teachers of skilled and semi-skilled trades and occupations."  Id. § 541.303(b).  According to the regulation, "possession of an elementary or secondary teacher's certificate provides a clear means of identifying the individuals contemplated as being within the scope of the exemption for teaching professionals." Id. § 541.303(c).

Interpreting the predecessor to Section 303, courts have found many different kinds of instructors to be exempt as teachers.[4]  Courts have found Head Start program instructors,

---

[4] The prior version of the regulation, which also included a component addressed to the employee's exercise of discretion and judgment, read in pertinent part:
    The term employee . . . shall mean any employee:
    (a) . . .

8

Ramos v. Lee County Sch. Bd., 04 CV 308FTM-33SPC, 2005 WL 2405832, at *3-5 (M.D. Fla. Sept. 29, 2005); seminar instructors, Muller v. Am. Mgmt. Assoc. Int'l, 368 F. Supp. 2d 1166, 1175-77 (D. Kan. 2004); tractor trailer training instructors, Gonzales v. New England Tractor Trailer Training Sch., 932 F. Supp. 697, 701-02 (D. Md. 1996); and instructors in a Department of Corrections educational program, Wilks v. District of Columbia, 721 F. Supp. 1383, 1385-86 (D.D.C. 1989), to be teachers and thus exempt under the professional exemption of 29 U.S.C. § 213(a)(1).  In a recent Opinion Letter, the Department of Labor has opined that instructors teaching automobile and boat repair qualify for Section 303's teaching exemption.  Opinion Letter from Dep't of Labor, Wage & Hour Div. (Oct. 26, 2006), 2006 WL 3406601.  But see Massie v. Bd. of Trustees, Haywood Cmty. College, 357 F. Supp. 2d 878, 881-83 (W.D.N.C. 2005) (holding there was an issue of material fact as to whether welding instructor at a community college exercised "discretion and judgment," which was a required element under the "short test" in the old regulations).

---

        (3) Teaching, tutoring, instructing, or lecturing in
    the activity of imparting knowledge and who is employed . .
    . as a teacher . . . and
        (b) Whose work requires the consistent exercise of
    discretion and judgment in its performance . . . .
29 C.F.R. § 541.3 (2003).

The plaintiff has failed to raise a question of fact as to whether Franklin is an exempt professional under the FLSA.  Apex is an educational establishment; it is a post-secondary career program that is licensed by the New York State Education Department and is accredited by the Accrediting Commission of Career Schools and Colleges of Technology.  Franklin's primary duty is teaching its students, as Franklin's own affidavit admits.  According to Franklin himself, he spent at least 75% of his time teaching his students during his morning and evening classes, and at least 50% of his time teaching his students during the work/study programs.  He spent the remainder of his time preparing for his classes by, for instance, rebuilding cars.  Based on the undisputed evidence, it is clear that Franklin is a teacher, and a professional employee exempt from the FLSA's overtime requirements.[5]

Franklin's arguments that he should not be classified as a "professional" under the FLSA's implementing regulations are unavailing.  Essentially, Franklin points to an FLSA regulation

---

[5] Franklin suggests that an interpretation of the regulations that would extend the professional exemption to "auto mechanics working on cars on a shop floor" would be outside the intent of the FLSA statute and thus unenforceable under Chevron, U.S.A., Inc. v. Natural Defs. Res. Council, Inc., 467 U.S. 837 (1984). Franklin has not identified, however, any inconsistency between the language of the regulation defining teachers and the language of the FLSA statute which simply states that the exemption applies to employees in a "bona fide . . . professional capacity."  29 C.F.R. § 541.303; 29 U.S.C. § 213(a)(1).

other than Section 303 (which defines the exemption for teachers) and argues that he does not qualify for the exemption under that other regulation.  For example, he points out that he does not have a college degree, did not pursue a "prolonged course of specialized intellectual instruction," and does not perform work requiring "the consistent exercise of discretion and judgment."  These are components of Section 541.301, which provides another definition of the learned professional exemption, and have no relevance to Section 303.  See 29 C.F.R. § 541.301.

Franklin next argues that a determination on this summary judgment motion should be stayed because he has not yet had an opportunity to conduct discovery on the issue of his own salary.  The amount of Franklin's own salary is clearly known to Franklin.  In any event, the minimum salary requirements for professionals under other FLSA regulations do not apply to Section 303.  Compare id. § 541.300(a)(1), with id. § 541.303(d).

Franklin has also brought claims for overtime pay and "spread of hours" pay under the New York Labor Law, but does not address either of these claims in his opposition to summary judgment.  The regulations under the New York Labor Law largely adopt the exemptions to the FLSA's overtime requirements.  N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.2.  Because Franklin is

an exempt employee under the FLSA, he is also exempt under the overtime requirements of the New York regulation and his state law claims for overtime pay must be dismissed.  See Galasso v. Eisman, Zucker, Klein & Ruttenberg, 310 F. Supp. 2d 569, 575 (S.D.N.Y. 2004); Ballard v. Cmty. Home Care Referral Serv., Inc., 695 N.Y.S.2d 130, 131 (App. Div. 1999).

The "spread of hours" provision in the New York regulations requires an additional hour's pay at the "basic minimum hourly wage rate" for any day where the spread of hours in a day exceeds ten hours.  N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.4.  The provision, however, applies only to workers earning the minimum wage.  Chan v. Triple 8 Palace, Inc., 03 Civ. 6048 (GEL), 2006 WL 851749, at *21 (S.D.N.Y. Mar. 30, 2006).  But see Doo Nam Yang v. ACBL Corp., 427 F. Supp. 2d 327, 339-40 (S.D.N.Y. 2005) (refusing to limit the "spread of hours" provision to only minimum wage employees).  In any event, the "spread of hours" provision does not apply to employees working in a "professional capacity," and the definition of such employees under the New York regulation closely tracks the federal regulation.  N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.14.  For this reason as well, the "spread of hours" provision does not apply to Franklin.

## Conclusion

The defendants' motion for summary judgment is granted with respect to all of plaintiff's claims. The Clerk of Court shall enter judgment for the defendants and close the case.

SO ORDERED:

Dated:   New York, New York
         December 11, 2006

                                    _____
                                              DENISE COTE
                                    United States District Judge